UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EMMITT WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LAWRENCE,<br><br>　　　　Defendant. | Case No. 3:19-cv-01369-CRB   (KAW)<br><br>**ORDER REGARDING 8/13/21 JOINT LETTER RE: REQUEST FOR INSPECTION**<br><br>Re: Dkt. No. 46 |

　　　Plaintiff Jack Emmitt Williams is an incarcerated individual in the custody of the California Department of Corrections. (Joint Letter, Dkt. No. 46 at 2.) On April 5, 2018, Plaintiff was an inmate at San Quentin State Prison, and was participating in daily recreation in Yard A of the East Block when a fight broke out. *Id.* After issuing a warning, Defendant Lawrence, a San Quentin Gun Rail Officer, aimed rubber bullets at the fighters, one of which hit and injured Plaintiff, who was not involved in the altercation. *Id.* Plaintiff claims that Defendant aimed the gun at him, while Defendant contends that he was aiming at an intended target 30 feet away. *Id.*

　　　On August 13, 2021, the parties filed a joint letter concerning Plaintiff's request to have his expert physically inspect the portions of San Quentin at issue in this case: (1) East Block's Yard A, and (2) the gun rail overlooking East Block's Yard A. (Joint Letter, Dkt. No. 46 at 2.) Defendant objects to this request on the grounds that it is not proportional to the needs of the case, and that the inspection would disrupt inmate programming and security in the East Block area. (Joint Letter at 2, 4-5.) In lieu of inspection, Defendant has offered to measure the yard, take photographs, and provide film based on instructions of Plaintiff's counsel. (Joint Letter at 2.) In response to this proposal, Plaintiff offered to accept that offer if his expert could inspect the premises for 30 minutes or less at a time of day that would pose no disruption to inmate

programming, such as early morning, evening or on a weekend. (Joint Letter at 3-4.)

Plaintiff argues that an inspection of the gun rail and Yard A are necessary to understand Defendant's view of the yard from his vantage point, and whether Plaintiff could have been in his line of fire while Defendant was aiming at the other inmates. (Joint Letter at 3.) The Court agrees. In opposition, Defendant provides that the yard is utilized for programming from 8:00 AM to 12:00 PM, but that it takes two hours to escort, search, and release the 100 inmates onto the yards. (Joint Letter at 5.) Defendant also states that conducting the inspection in the afternoon would divert other staff and impact programming. *Id.* The Court is not convinced that this request is unduly burdensome, because the Prison can schedule additional staff on the day of the inspection. Discovery is, by its very nature, burdensome and may result in some cost, and Plaintiff's request for inspection is proportional to the needs of the case.

Finally, the Court is not convinced that a short inspection would cause a security concern, especially if the duration of the inspection is limited to 30 minutes total, and there are no inmates in Yard A at the time of the inspection. (*See* Joint Letter at 4-5.) Also, as Plaintiff stated, San Quentin already provides security escorts for visitors, which indicates that compliance is not unduly burdensome. (Joint Letter at 4.)

Accordingly, Plaintiff's request to compel the inspection of San Quentin's East Block's Yard A, and the gun rail overlooking East Block's Yard A is GRANTED. The inspection is limited to 30 minutes (plus reasonable time to travel to, from, and in between the two locations). Defendant shall also measure the yard, take photographs, and provide film based on instructions of Plaintiff's counsel. The parties shall meet and confer to schedule the inspection. The Court appreciates Plaintiff's willingness to be flexible as to timing and is confident that the parties can agree to a date and time (during daylight hours) that, to the extent possible, minimizes the impact on prison operations and inmate programming.

IT IS SO ORDERED.

Dated: August 23, 2021

KANDIS A. WESTMORE
United States Magistrate Judge